## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "**Agreement**"), entered into by and between Brian Burbank ("**Burbank**") and Planet Forward, LLC ("**Planet Forward**," and together with Burbank, the "**Parties**").

WITNESSETH:THAT

WHEREAS, Burbank was an employee of Planet Forward; and

WHEREAS, Burbank filed a lawsuit in the United States District Court for the Northern District of Indiana, captioned *Brian Burbank v. Planet Forward, LLC d/b/a Planet Forward Energy Solutions, LLC*, Cause No. 3:18-cv-800 (the "**Lawsuit**"), alleging that Planet Forward failed to pay Burbank overtime allegedly earned by Burbank during his employment; and

WHEREAS, Planet Forward denies the allegations made by Burbank, and

WHEREAS, the Parties desire to resolve this dispute;

WHEREAS, upon the advice and with the assistance of their respective legal counsels, the Parties have resolved this dispute to their mutual satisfaction.

NOW, THEREFORE, in consideration of the mutual covenants, conditions and agreements set forth below, the Parties agree as follows:

1. **Payments and Benefits.** Burbank acknowledges and agrees that other than amounts payable pursuant to this Agreement, Burbank has received all compensation, benefits, payments, reimbursements, and other moneys due or allegedly due to Burbank by Planet Forward and any of the Planet Forward Affiliates (as defined below). In consideration of the release set forth in **Paragraph 7**, and subject to the provisions of **Paragraph 10**, which confirm that nothing in this Agreement shall constitute an admission of liability or wrongdoing, and other good and sufficient consideration set forth herein, Planet Forward shall pay:

    (a) For Burbank's attorneys fees (the "**Attorney Payment**") an amount equal to nine thousand two hundred dollars ($9,200.00). The Attorney Payment shall be paid to John H. Haskin & Associates and reported on an IRS Form 1099 to both Burbank and the Haskin Firm: provided that the Haskin Firm has provided Planet Forward an IRS Form W-9 and the Approval requirements of (b) below have been satisfied. Payment shall be made at the same time as the payment set forth in (b) below.

    (b) For alleged unpaid overtime wages, an amount equal to six thousand nine hundred dollars ($6,900.00) (the "**Wages Payment**"), payable to Burbank within ten (10) business days after all of (1) receipt of this Agreement bearing the signature of Burbank delivered to the attention of Lynne D. Mapes-Riordan, Barack Ferrazzano, 200 W. Madison St., Suite 3900, Chicago, IL 60606, and (2) the receipt of the Approval described in **Paragraph 6** below. The Wages Payment shall be subject to all applicable wage withholding and reporting.

    (c) For alleged liquidated damages, an amount equal to six thousand nine hundred dollars ($6,900.00) (the "**Damages Payment**"), payable to Burbank at the same time as the payment set forth in (b) above. The Damages Payment shall be reported on an IRS Form 1099 to Burbank.

settlement.agreement.final                    Page 1 of 5

2. **Confidentiality of Agreement.** Except for information already in the public domain, the Parties agree that all the terms and conditions of this Agreement, and all the settlement negotiations, shall be maintained by them as strictly confidential, and shall not be disclosed by them or their agents to any third party, other than Burbank's spouse provided that Burbank agrees that his spouse's statements shall be deemed to be Burbank's statements for purposes of this confidentiality obligation, under any circumstances, except (i) as such disclosure may be required by law (in which event the Parties shall proceed as provided below); or (ii) to their attorneys or accountants, but then only to the extent necessary for the performance of professional services. Notwithstanding the foregoing, nothing in this Paragraph shall be deemed to prevent any of the Parties from presenting this Agreement for the purpose of enforcing this Agreement or the terms hereof or responding to lawful process or a subpoena served in any other legal proceeding. In the event that any of the Parties shall be compelled by law, subpoena, or other legal process to disclose any information made confidential herein, the Party being so compelled agrees that it shall provide the other Party written notice of the compelled disclosure at least fifteen (15) days before making any such compelled disclosure, or as soon as practicable (but in all events before any compelled disclosure) if such compelled disclosure is required in a period of time shorter than fifteen (15) days. Before any compelled disclosure, the Party shall use its reasonable best efforts to prevent or limit the information disclosed and to ensure that any information disclosed is subject to an appropriate confidentiality agreement and/or protective order. Nothing herein requires that the Party be held in contempt. Notwithstanding the foregoing, the Parties may communicate that the Lawsuit has been resolved to the satisfaction of the Parties. Counsel for the Parties shall not make any public statements or press releases regarding the Lawsuit, and/or this settlement, except that, if asked to comment, counsel for the Parties shall respond that the matter has been resolved.

3. **No Disparagement.** Burbank agrees that he will not disparage, or encourage, or induce others to disparage, Planet Forward or any of its parents, subsidiaries or affiliates (collectively, the "**Planet Forward Affiliates**"), or any of their respective officers, directors, services, or products. For purposes of this Agreement, "disparage" includes any comment or statement made to a third party (including any comment or statement posted or made on any internet site, or made to the press, media, or newspaper), that could reasonably be expected to adversely affect the conduct of business by or the reputation of the Planet Forward Affiliates. This paragraph shall not prevent or preclude Burbank from providing truthful information to any governmental agency or court, pursuant to a lawfully issued subpoena, or as otherwise required by law.

4. **Planet Forward Statements.** Planet Forward agrees, that upon Burbank's written request or request by a prospective employer of Burbank, to provide the following limited information to any third party requesting this information: Burbank's titles held and dates of employment.

5. **Covenant Not to Sue.** Burbank covenants and promises not to sue or proceed in any manner, whether at law or equity, by way of administrative hearing, civil action, or otherwise, or consent to be a complainant in any action or proceeding, and not to solicit others to institute any such actions or proceedings, against a Planet Forward Affiliate at any time in the future for any claim arising in whole or in part before the execution of this Agreement that relates to or arises out of the Lawsuit.

6. **Dismissal of Lawsuit.** Burbank agrees to dismiss the Lawsuit with prejudice with each side, except as provided herein, bearing its own fees and costs. Each Party waives any right to appeal, seek vacatur of, or otherwise challenge in any way the dismissal of the Lawsuit. The Parties agree and understand that this Agreement shall not be effective unless and until the United States District Court for the Northern District of Indiana approves the settlement on the terms set forth herein or as any other terms are agreed to in writing by the Parties (the "**Approval**").

7. **Release of Claims.** In further consideration of the promises and obligations set forth in this Agreement, Burbank agrees as follows:

(a) <u>Release of All Claims</u>. Except as set forth in this Agreement, Burbank, for himself and for all persons who may claim by or through him, including present and former direct and indirect beneficiaries, trustees, administrators, executors, assigns, attorneys, representatives, and agents (collectively, the "**Burbank Releasors**"), hereby release, waive, and forever discharge the Planet Forward Affiliates (individually and collectively) and each of their respective present and former direct and indirect parents, affiliates, divisions, subsidiaries, shareholders, attorneys, owners, predecessors, successors, and assigns, and any of the foregoing's present and former officers, directors, employees, attorneys, representatives, and agents (all collectively, the "**Planet Forward Releasees**"), by and from, and hereby acknowledges full accord and satisfaction of, any and all claims, demands, causes of action, obligations, damages (including contract damages, compensatory damages, punitive damages, or otherwise), and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common law, civil law, or statutory, under federal, state, or local law, or foreign law, or otherwise), whether known or unknown, asserted or unasserted, by reason of any act, omission, transaction, agreement, or occurrence whatsoever, that Burbank ever had, now has, or hereafter may have against the Planet Forward Releasees up to and including the date of the execution of this Agreement and including (all such claims, the "**Claims**"):

(i) all claims relating in any way to the Lawsuit;

(ii) all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for compensation in any form, whether under federal, state, or local law, or foreign law, or otherwise;

(iii) all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, physical pain, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever, whether under federal, state, or local law, or foreign law, or otherwise; and

(iv) all claims for monetary recovery, including attorneys' fees, experts' fees, medical fees or expenses, costs and disbursements or the like, whether relating thereto or otherwise, and whether under federal, state, or local law, or foreign law, or otherwise.

(b) <u>Enforcement of the Agreement</u>. Notwithstanding the foregoing, Burbank does not release his right to enforce this Agreement and the terms hereof.

(c) <u>Unknown Claims or Facts</u>. Burbank is aware that hereafter he may discover claims or additional facts in addition to or different from those he now knows or believes to be true with respect to the matters related herein. Nevertheless, it is Burbank's intention to settle and release fully, finally, and forever all such matters, and all claims that now exist, may exist, or heretofore may have existed as against the Planet Forward Releasees, whether suspected or unsuspected. In furtherance of this intention, Burbank's release given herein shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relating thereto.

8. **Unknown Claims Released**. Burbank understands and agrees that there is a risk that after the execution of this Agreement, Burbank will incur or suffer loss, damage, or injuries that are encompassed within the scope of the release set forth above, but which are in some way unknown or unanticipated at the time this Agreement is signed. Burbank assumes this risk and agrees that this Agreement and the releases contained in this Agreement shall apply to unknown and unanticipated claims encompassed within the scope of the releases as well as those known and anticipated. Burbank hereby expressly waives any and all

rights under the provisions of Section 1542 of the California Civil Code or any similar law of another jurisdiction, whether in the United States or abroad. That Section, the meaning of which is fully understood by Burbank, provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Burbank further acknowledges that he assumes the risk of any mistake of fact or law with regard to all aspects of this Agreement and any asserted rights released by this Agreement.

**9.     Materiality.** The Parties agree that the terms set forth in Paragraphs 1 through 7 are material to this Agreement and to their willingness to enter into this Agreement, including the willingness of Planet Forward to pay the amounts set forth in **Paragraph 1**, the willingness of Burbank to dismiss the Lawsuit as set forth in **Paragraph 6**, and the willingness of the Parties to provide the release of claims set forth in **Paragraph** 7.

**10.    No Admission of Wrongdoing.** Notwithstanding anything in this Agreement to the contrary, the Parties understand and agree that this Agreement does not and shall not constitute any admission by any Party of any fact or conclusion of law. Specifically, and without limiting the foregoing, Burbank understands and agrees that this Agreement does not constitute any admission by the Planet Forward Affiliates that any allegation raised in or relating to the Lawsuit is true, or that any of the alleged actions of the Planet Forward Affiliates or any of their employees or agents were wrongful or unlawful.

**11.    Entire Agreement.** This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and it supersedes all prior agreements and understandings or alleged duty to disclose, whether written or oral, or to take any action, with respect to the subject matter hereof. This Agreement may not be amended, discharged, or terminated orally, and no modification, amendment, termination, or waiver of any of the provisions contained in this Agreement, and no future representation, promise, or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party. This Agreement is an integrated document and the consideration stated in it is the sole consideration for this Agreement.

**12.    Construction and Interpretation of Agreement.** The Parties agree that each Party has been given an opportunity to participate in the drafting and preparation of this Agreement. Accordingly, the Parties agree that no provision of this Agreement shall be construed against any Party. The use of the masculine, feminine, or neuter gender, or any other number, singular or plural, herein shall not limit any provision of this Agreement. The use of the terms "including" or "include" shall in all cases herein mean "including, without limitation" or "include, without limitation," respectively.

**13.    Successors and Assigns.** Neither this Agreement, nor any of the obligations or benefits provided hereunder, may be assigned by any Party, and each Party hereto represents and warrants that it has not heretofore assigned any claims. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, the successors thereof (whether by merger, consolidation, sale of assets, or otherwise), and the heirs of Burbank.

**14.    Exclusive Jurisdiction.** Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement, shall be brought against either of the parties exclusively in the courts of the State of Illinois, County of Cook, or, if it has or can acquire jurisdiction, in the United States District court for the Northern District of Illinois, and each of the parties consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and

waives any objection to venue laid therein. Process in any action or proceeding referred to in the preceding sentence may be served on either party anywhere in the world. BURBANK AND PLANET FORWARD HEREBY WAIVE THEIR RIGHT TO TRIAL BY JURY IN THE EVENT OF A DISPUTE, AND BURBANK REPRESENTS THAT BURBANK'S WAIVER IS KNOWING, VOLUNTARY AND INTENTIONAL.

15. **Attorneys' Fees in Actions Relating to Agreement.** If any action, claim, or proceeding is brought to enforce this Agreement, for breach of any term of this Agreement, or otherwise relating to this Agreement, the Parties agree that the prevailing Party is entitled to an award of its reasonable attorneys' fees, litigation expenses, and taxable costs.

16. **Governing Law.** This Agreement is governed by the laws of Illinois, without regard to its conflict of laws principles and provisions.

17. **Execution.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. The Parties further agree that the execution of this Agreement may be accomplished through receipt of facsimile signatures, including signatures delivered via email.

18. **Review and Consideration.** By signing this Agreement, Burbank acknowledges and represents that: (a) he has had sufficient time to consider this Agreement before signing it and he has reviewed this Agreement with his attorneys; (b) he has read this Agreement in its entirety and understands the meaning and application of each of its provisions; (c) he is signing this Agreement voluntarily; and (d) he intends to be bound by it.

**WITNESS WHEREOF**, the Parties have executed and agreed to this Agreement as set forth below:

**BRIAN BURBANK**

*Brian Burbank*

Date: 12/13/2018


**PLANET FORWARD LLC**

By: *[signature]*

Name: Marni Helfand

Title: General Counsel

Date: 12/14/18