IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN BURBANK, ) | |
| ) | |
| *Plaintiff* ) | |
| vs. ) | Case No. 3:18-CV-800 RLM-MGG |
| ) | |
| PLANET FORWARD, LLC d/b/a ) | |
| PLANET FORWARD ENERGY ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| *Defendant* ) | |

OPINION AND ORDER

The parties filed a joint motion asking the court to approve a confidential settlement agreement in this Fair Labor Standards Act case. While there are cases in this district in which an FLSA settlement agreement has been allowed to remain confidential, *see, e.g.*, Beachy v. Reliance Construction, Inc., Case No. 3:15-CV-184-TLS, 2015 WL 6828864 (Nov. 6. 2015); Roberts v. Apple Sauce, Inc., Case No. 3:12-CV-830-TLS, 2014 WL 4804252 (N.D. Ind. Sep. 25, 2014); Swarthout v. Ryla Teleservices, Inc., Case No. 4:11-CV-21-PRC, 2012 WL 5361756 (N.D.Ind. Oct. 30, 2012), there are others in which it has not, *see, e.g.,* Razon v. Vyas, Case No. 2:16-cv-441 RL-JEM, 2017 WL 3503395 (N.D. Ind. July 6, 2017). But the court of appeals has taken a "strict position" regarding public access to court documents – "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification". Swarthout v. Ryla Teleservices, Inc., Case No. 4:11-CV-21-PRC,

2012 WL 5361756, at *2 (N.D.Ind. Oct. 30, 2012) (quoting Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006)).

The court held in Swarthout, that "[g]ood cause may exist [to file a document under seal] if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information," and that the parties had shown good cause to maintain the settlement agreement under seal. Id. at *2-3. *But see* Metzger v. Auto Rescue of MKE LLC, Case No. 15-CV-967-JPS, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016) (finding that "the parties fail[ed] to overcome the high burden needed to rebut the presumption of public access and denying motion to seal FLSA settlement agreement); Perry v. Nat'l City, Case No. 05-CV-891-DRH, 2008 WL 427771, *1 (S.D. Ill. Feb. 14, 2008)(denying motion to seal FLSA settlement agreement because the parties offered no argument as to how "they would be specifically injured or harmed by allowing public access).

The only reason the parties cite in their joint motion to seal the settlement agreement in this case is that they wish "to preserve the confidentiality to which they have agreed." [Doc. No. 8]. That is insufficient, *see* Swarthout v. Ryla Teleservices, Inc., Case No. 4:11-CV-21-PRC, 2012 WL 5361756, at *2 (N.D.Ind. Oct. 30, 2012) ("Notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court.");

Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999), as are any concerns the defendant might have about "copycat litigation". *See* Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 834 (7th Cir. 2013) (denying motion to seal while recognizing that making settlement public may invite more suits against a defendant); Lopez v. Nights of Cabiria, LLC, 96 F.Supp.3d 170, 180 (S.D.N.Y. 2015) (fear of copycat litigation doesn't justify sealing FLSA agreement); Metzger v. Auto Rescue of MKE LLC, Case No. 15-CV-967-JPS, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016); ("defendants' desire to avoid copycat litigation…insufficient to justify sealing settlement documents"). "Although copycat litigation may be possible, that is a risk that parties take in pursuing FLSA litigation as opposed to a pre-litigation settlement." Id.

Beachy and Roberts don't dictate otherwise. While the court granted a joint motion to file and maintain a confidential settlement agreement under seal in Beachy, it didn't discuss the Seventh Circuit's position regarding public access to court documents or cite any authority in support of its decision. Beachy v. Reliance Construction, Inc., Case No. 3:15-CV-184-TLS, 2015 WL 6828864, at *2 (Nov. 6. 2015). In Roberts, the court approved a confidential settlement agreement, but didn't discuss confidentiality or make any findings about confidentiality. Roberts v. Apple Sauce, Inc., Case No. 3:12-CV-830-TLS, 2014 WL 4804252, at *2 (N.D. Ind. Sep. 25, 2014).

The parties' desire to keep the proposed settlement agreement confidential

doesn't further FLSA's implementation, and doesn't appear to be consistent with the Seventh Circuit's position regarding public access to court documents or to be supported by good cause. The court, accordingly, DEFERS ruling on the joint motion to approve the settlement agreement [Doc. No. 7], and gives the parties 14 days, to and including **January 18, 2019**, to submit authority in support of their assertion that the proposed settlement agreement in this Fair Labor Standards Act case should remain confidential and under seal, or to move to unseal the settlement agreement and proceed with a hearing on their motion to approve the agreement.

SO ORDERED.

ENTERED:   January 3, 2019


/s/ Robert L. Miller, Jr.
Judge, United States District Court